UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADRIAN D. BOOKER, § | |
|     Plaintiff, § | |
| v. § | No. 3:17-CV-162-B (BF) |
| CHARLES W. GAMEROS, JR, § | |
| COLLIN COUNTY, TEXAS, § | |
| HOGE & GAMEROS, L.L.P., § | |
| UNAUTHORIZED PRACTICE § | |
| COMMITTEE FOR THE SUPREME § | |
| COURT OF TEXAS, § | |
|     Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the district court has referred this case to the United States Magistrate Judge for pretrial management. *See* Order 1, ECF No. 6. Before the Court is Defendants' Motion to Dismiss For Lack of Jurisdiction [ECF No. 11]. For the reasons that follow, it is recommended that Defendants' motion be granted and this action be dismissed without prejudice for want of jurisdiction.

### Background

Adrian D. Booker ("Plaintiff"), appearing *pro se* and in forma pauperis, brings this civil action against Charles W. Gameros, Jr. ("Gameros"), Hoge & Gameros, L.L.P., the Texas Unauthorized Practice of Law Committee ("UPLC"), and Collin County, Texas (collectively "Defendants"). Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 "and/or" 28 U.S.C. § 1332(a). Compl. 2 ¶ 5, ECF No. 1. It appears to the Court that Plaintiff's suit arises out of proceedings brought against him by the UPLC for the unauthorized practice of law. Defs.' Mot. 2 ¶¶ 2-3, ECF No. 11. It is unclear what claims Plaintiff actually brings against Defendants. In liberally construing Plaintiff's complaint, the Court finds Plaintiff brings the

1

following claims and/or alleged violations of: the Texas Constitution, Article 1 § 19, the right to due process of law pursuant to the Fourteenth Amendment of the United States Constitution, the Fifth Amendment of the United States Constitution, the Texas Rules of Civil Procedure, and 42 U.S.C. § 1983.[1]

Defendants' Motion to Dismiss [ECF No. 11] requests the Court to dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) due to a lack of complete diversity. Defs.' Mot. 1, ECF No. 11; FED. R. CIV. P. 12(b)(1). Defendants assert Mr. Gameros and Hoge & Gameros, L.L.P. are citizens of Texas. Defs.' Mot. 3, ECF No. 11. Defendants contend the UPLC is a committee of the Texas Supreme Court and state agency of Texas. *Id*. at 2-3. Defendants argue that Plaintiff also fails to meet the minimum amount in controversy requirement with his claims only amounting to a total of $50,000 in damages. *Id*. at 3. Plaintiff failed to file a response to Defendants' motion, and the time to do so has passed. *See* LOC. CIV. R. 7.1(e). The Court finds this motion is ripe for determination.

## Standard of Review

### Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *Lowe v. U.H.F. Magnolia Trace, L.P.*, No. 3:14-CV-1460-M, 2015 WL 9690254, at *1-2 (N.D.Tex. Dec. 10, 2015) (citing FED. R. CIV. P. 12(b)(1)). Federal courts are courts of limited jurisdiction, and they lack power to adjudicate claims without jurisdiction conferred by statute or the Constitution. *Id*. (citing *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)). Therefore, a claim is properly dismissed for lack of subject matter jurisdiction under

---

[1] The Court notes that it appears, beginning on page nine of Plaintiff's complaint, that Plaintiff merely copy and pasted his response to the UPLC's suit against him in his prior suit. *See* Compl. 9-22, ECF No. 1. For instance, Plaintiff states, "[f]or all these reasons, the Court lacks subject matter jurisdiction over UPLC's claims." Compl. 12, ECF No. 1. Thus, it is difficult to discern what claims that Plaintiff brings against Defendants.

Rule 12(b)(1), if the court lacks statutory or constitutional authority to adjudicate the claim. *Id.* (citing *Home Builders Assoc. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). If a Rule 12(b)(1) motion is filed together with other Rule 12 motions, the court should consider the "jurisdictional attack before addressing any attack on the merits," because the case cannot proceed without subject matter jurisdiction. *Id.* (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); citing *Ruhrgas A.G. v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

## Analysis

A federal court's jurisdiction is limited. As such, federal courts only have jurisdiction over an action if it involves a question of federal law or if diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. The basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference. *Getty Oil Corp. v. Ins. Co. Of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Diversity jurisdiction exists if the amount in controversy exceeds $75,000.00 and each plaintiff's citizenship is distinct from each defendant's citizenship at the time the case is filed. *See* 28 U.S.C. § 1332; *Spear Mktg, Inc. v. BancorpSouth Bank*, 791 F.3d 586, 593 n.16 (5th Cir. 2015). "Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, *see* 28 U.S.C. § 1332." *Martin v. State Bar of Tex.*, No. 3:12-CV-5063-N-BK, 2013 WL 3283729, at *1 (N.D. Tex. 2013). "Under the well pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no

federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Id.* (quoting *Gutierrez v. Flores*, 543 F.3d 248, 251–52 (5th Cir. 2008)).

Plaintiff fails to allege sufficient factual allegations that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 or 28 U.S.C. § 1332. Plaintiff is a resident of the State of Texas. Compl. 2 ¶ 7, ECF No. 1. Defendants Mr. Gameros and the law firm of Hoge & Gameros, L.L.P. are also residents of Texas. *Id.* at 1 ¶ 2; Defs.' Mot. 3 ¶ 6, ECF No. 11. The UPLC is an agency of the state of Texas. Compl. 1 ¶ 2, ECF No. 1; Defs.' Mot. 3 ¶ 6, ECF No. 11. Therefore, the Court cannot excise jurisdiction pursuant to 28 U.S.C. § 1332 over Defendants because complete diversity does not exist. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (holding that "[t]he burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction."); *see also Corfield v. Dallas Glen Hills L.P.*, 355 F.3d 853, 857 (5th Cir. 2003) ("It is well-established that the diversity statute requires 'complete diversity' of citizenship: A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants.") (citations omitted).

Plaintiff alleges that the Court should exercise supplement jurisdiction over Plaintiff's claims against the UPLC. Compl. 3 ¶¶ 9-10, ECF No. 1. However, the Court must determine whether Plaintiff sufficiently asserts his claims pursuant to federal question jurisdiction under 28 U.S.C. § 1331. Defendants argue the Court cannot exercise jurisdiction over Plaintiff's constitutional law claims because the practice of law is a privilege, not a personal right, and the UPLC is immune from civil rights violations, including those enumerated under 42 U.S.C. § 1983. Defs.' Mot. 4, ECF No. 11.

4

Plaintiff's complaint does not present a question of federal law. Since the UPLC is a state agency under Texas law, the Eleventh Amendment bars suit against it. *Martin*, 2013 WL 3283729, at *2; *Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Comm., of State Bar of Tex.*, 283 F.3d 650, 653 (5th Cir. 2002) ("The UPLC is a state agency[.]"); *Green v. State Bar of Tex.*, 27 F.3d 1083, 1087-88 (5th Cir. 1994) (noting that "[t]he UPLC is a state agency"); TEX. GOV'T CODE §§ 81.103-81.104. "[E]leventh amendment immunity is a jurisdictional issue that cannot be ignored, for a meritorious claim to that immunity deprives the court of subject matter jurisdiction of the action." *McDonald v. Bd. of Miss. Levee Comm'rs*, 832 F.2d 901, 906 (5th Cir. 1987) (citation and internal quotation marks omitted). "In the absence of consent, the eleventh amendment proscribes a federal suit by a citizen against a state or one of its agencies, and this jurisdictional bar applies regardless of the nature of the relief sought." *Id*. (citation and internal quotation marks omitted). Mr. Gameros is also immune from suit since he was acting in his official capacity as chair of the UPLC. Defs.' Resp. 2, ECF No. 11; *Green*, 27 F.3d at 1087 (holding "[s]tate officials sued in their official capacity are not deemed 'persons' subject to suit within the meaning of § 1983" and dismissing defendant who was chairman of UPLC).[2] "We are persuaded that the duties performed by [Defendant] are analogous to those of public prosecutors and agency officials in the administrative adjudication process. When [Defendant] prosecuted the UPLC's action in state court, he was undeniably performing a public service, and accordingly, the Supreme Court's reasoning for the necessity of absolute immunity is equally applicable to [Defendant's] position." *Green*, 27 F.3d at 1088; *Price v. Law Firm of Edwin Shorty, Jr.*, No. 14-

---

[2] "To pursue a claim under section 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law." *Martin*, 2013 WL 3283729, at *2 n.3 (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

5

1832, 2014 WL 7240157, at *2 (E.D. La. 2014), *aff'd sub nom. Price v. Shorty*, 632 F. App'x 211 (5th Cir. 2016)). Section 81.106 also supports that Defendants are immune from suit:

> (a) The unauthorized practice of law committee, any member of the committee, or any person to whom the committee has delegated authority and who is assisting the committee is not liable for any damages for an act or omission in the course of the official duties of the committee.

TEX. GOV'T CODE § 81.106. Therefore, pursuant to the Eleventh Amendment and § 81.106 of the Texas Government Code, Defendants are immune from Plaintiff's claims.[3] *Green*, 27 F.3d at 1087-88; *Fred v. State Bar of Tex.*, No. 5:98-CV-158-C, 1999 WL 68643, at *3 (N.D. Tex. 1999) (dismissing claims on Eleventh Amendment grounds). Thus, the Court is without jurisdiction.[4] *McDonald*, 832 F.2d at 906. The Court is also without jurisdiction over Collin County, *see* Compl. 2 ¶ 4, ECF No. 1, as Plaintiff fails to affirmatively and distinctly show that this Court has jurisdiction over this defendant. *Getty Oil Corp.*, 841 F.2d at 1259.[5] Mr. Gameros' law firm, Hoge & Gameros, L.L.P., should also be dismissed on these grounds as Plaintiff fails to state any factual allegations against this defendant or those sufficient enough to establish jurisdiction.

In short, even when construing Plaintiff's complaint liberally, because he is proceeding *pro se*, this Court is unable to ascertain any federal causes of action asserted by Plaintiff. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (the court is to liberally construe the pleadings of *pro se* litigants, however, *pro se* parties are not exempt from complying with court rules of

---

[3] Further, "[t]here is no constitutional guarantee that non-attorneys may represent other people in litigation. . . . [T]he requirement that only licensed lawyers may represent others in court is a reasonable rule that does not offend any constitutional guarantee." *Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970) (per curiam).

[4] Plaintiff's complaint does not present a sufficient basis for federal question or diversity jurisdiction. Accordingly, the Court cannot exercise supplemental jurisdiction over any of Plaintiff's claims. *Martin*, 2013 WL 3283729, at *2; 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

[5] The Court notes that it also appears that Plaintiff never executed service of process on Collin County under Rule 4. *See* Docket; FED. R. CIV. P. 4(m).

procedural and substantive law). Plaintiff's allegations set forth in his complaint do not raise any discernible issue of federal law. Therefore, this action should be dismissed without prejudice for lack of subject matter jurisdiction.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the district court should **GRANT** Defendants' Motion to Dismiss [ECF No. 11] and dismiss this case without prejudice for lack of jurisdiction.

**SO RECOMMENDED**, this 22nd day of May, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).